UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

CYNTHIA MACK,

                              Plaintiff,

                 -against-

CITY OF NEW YORK; Detective ANTONIO D.
SANTANA, Shield No. 30589; Police Officer
JEANBERN REMY, Shield No. 2998; and JOHN
and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

14 CV 6538

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Cynthia Mack ("plaintiff" or "Ms. Mack") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Detective Antonio D. Santana, Shield No. 30589 ("Santana"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santana is sued in his individual and official capacities.

10.      Defendant Police Officer Jeanbern Remy, Shield No. 2998 ("Remy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Remy is sued in his individual and official capacities.

11.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 4:00 p.m. on June 20, 2014, Ms. Mack was lawfully present inside her home at 683 Barbey Street in Brooklyn, New York.

15.     Ms. Mack had returned from a visit that morning to the emergency room where she had been treated for severe back pain.

16.     One of the defendants entered Ms. Mack's home without knocking or identifying himself in any manner as a police officer and began questioning her and those present in the apartment with her.

17.     Ms. Mack objected and asked the officer, in sum and substance, who he was and why he was in her apartment.

18.     The officer referred to a purported arrest warrant for plaintiff's child's father on marijuana possession charges, but refused to or could not produce any such

-3-

warrant, despite plaintiff's request.

19.     In the presence of Ms. Mack's two young children, ages three and seven, without even arguable probable cause to believe she had committed any crime, to punish her for asserting her constitutional rights and to gain entry into her home, defendants tightly handcuffed and falsely arrested Ms. Mack.

20.     Ms. Mack's children were upset and crying for their mother.

21.     Ms. Mack herself was also crying.

22.     Ms. Mack was led in handcuffs from her apartment to a police vehicle, in full view of her neighbors.

23.     As they walked Ms. Mack to the van, the officers taunted and insulted her, gratuitously squeezing the painful handcuffs on her wrists.

24.     Ms. Mack was taken to the 75th Precinct, where she complained of back pain.

25.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had committed crimes including disorderly conduct, obstructing governmental administration and harassment.

26.     At approximately 1:00 a.m. on June 21, 2014, plaintiff was taken to Brooklyn Central Booking.

27.     At approximately 6:00 p.m. on June 21, 2014, plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in

contemplation of dismissal.

28.     After spending over 24 hours in custody, Ms. Mack was finally released.

29.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

30.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

31.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

32.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Entry and Search

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     Defendants violated the Fourth and Fourteenth Amendments because they entered and searched plaintiff and her apartment without legal justification.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

41.     Plaintiff was conscious of her confinement.

42.     Plaintiff did not consent to her confinement.

43.     Plaintiff's confinement was not otherwise privileged.

44.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

51.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

53.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.     The individual defendants created false evidence against plaintiff.

55.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

56.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

57.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

60.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

61.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

62.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

64.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

66.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

67.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

68.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

69.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

71.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**TENTH CLAIM**
**Failure To Intervene**

74.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

77.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Malicious Abuse Of Process

78.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79.     The individual defendants issued legal process to place plaintiff under arrest.

80.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to punish her for asserting her rights and to gain entry to her home.

81.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

82.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        November 5, 2014
              New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*